US Bank, N.A. v Onuoha (2018 NY Slip Op 04771)





US Bank, N.A. v Onuoha


2018 NY Slip Op 04771


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
 P.J.
 BALKIN
 B. AUSTIN
O. HINDS-RADIX, JJ.

ame/>
 93
 (Index No. 18637/08)


. defendants.

ock
ndale, NY, for appellant.
Reed Smith, LLP [Andrew B. Messite and Joseph B. Teig], of counsel), for respondent.

ry="per_curiam">

DECISION & ORDER
an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated March 13, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for an order of reference and to hold the defendant Rose I. Onuoha in default upon her failure to timely appear or answer the complaint.
D that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were for an order of reference and to hold the defendant Rose I. Onuoha in default upon her failure to timely appear or answer the complaint are denied, and the complaint is dismissed as abandoned pursuant to CPLR 3215(c) insofar as asserted against the appellant.
e 15, 2006, the defendant Rose I. Onuoha (hereinafter the appellant) executed a promissory note in the amount of $400,000 in favor of Professional Mortgage Bankers Corp. As security for the note, the appellant executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting as nominee for Professional Mortgage Bankers Corp., encumbering real property. She allegedly defaulted by failing to make the monthly installment payments starting on February 1, 2008. A default notice was sent to the appellant on or about May 25, 2008.
y 2008, MERS assigned the mortgage to the plaintiff, and the plaintiff commenced the instant mortgage foreclosure action. The appellant, appearing pro se, served an answer by mail on September 15, 2008. The appellant's answer was rejected as untimely on the [*2]
2013, the plaintiff moved for an order of reference and to hold the appellant in default upon her failure to timely appear or answer the complaint. In support of the motion, the plaintiff submitted, inter alia, an affidavit of a vice president of loan documentation at the loan servicer, asserting, inter alia, that the plaintiff was in possession of the note, and that the appellant had defaulted in making payments. In opposition, the appellant argued, inter alia, that the motion for an order of reference and to hold her in default was untimely since more than one year had passed since the appellant's default (see 3215[c]), and the plaintiff lacked standing to bring the action.
aintiff, in reply, claimed there were reasonable excuses for the delay of nearly five years between the appellant's default and the plaintiff's motion. The plaintiff's current attorney submitted an affirmation stating that, "upon information and belief," its former attorney placed the matter "on hold" from April 4, 2009, until May 26, 2009, and again from August 28, 2009, until January 4, 2010, while the appellant was being reviewed for loss mitigation options, and on February 11, 2010, the case was put on hold yet again to explore the possibility of loan modification. From October 15, 2010, until November 14, 2011, the plaintiff was involved in active litigation with one of the appellant's codefendants, who claimed that the subject property was fraudulently conveyed to the appellant. The law firm that previously represented the plaintiff was closed, and the matter was referred to current counsel in December 2011. In October 2012, the case was put on hold for 90 days because the subject property was in a federal disaster area as a result of Hurricane Sandy. The plaintiff further argued that the issue of standing was waived, on the ground that the appellant defaulted in appearing and answering. In the order appealed from, the plaintiff's motion was granted. We reverse the order insofar as appealed from.
3215(c) provides: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, since it states that the court "shall" dismiss if proceedings to enter a default judgment are not taken within one year (see HSBC Bank USA, N.A. v Grella, AD3d 669, 671). However, failure to timely seek a default judgment may be excused if the plaintiff proffers a reasonable excuse for the delay in moving for a default judgment and demonstrates that the cause of action is potentially meritorious (see id.674; Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC, AD3d 793; Pipinias v J. Sackaris & Sons, Inc., AD3d 749, 751-752). " The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court'" (Pipinias v J. Sackaris & Sons, Inc., AD3d at 752, quoting Giglio v NTIMP, Inc., D3d 301, 308).
the allegations of the plaintiff were conclusory and unsubstantiated. The allegations with respect to why the plaintiff's former attorney did not seek a default judgment against the appellant were not supported with evidence in admissible form by a person with personal knowledge of the facts. Further, there is no explanation as to why the litigation with the codefendant was a ground to delay seeking a default judgment against the appellant, whose liability was based not only upon her alleged interest in the property, but also her obligation under the note, which did not involve the codefendant (see Pipinias v J. Sackaris & Sons, Inc., AD3d at 752).
rties' remaining contentions need not be addressed in light of our determination.
ingly, under the circumstances of this case, the Supreme Court should have denied those branches of the plaintiff's motion which were for an order of reference and to hold the appellant in default upon her failure to timely appear or answer the complaint, and dismissed the complaint as abandoned pursuant to CPLR 3215(c) insofar as asserted against the appellant (see NYCTL 2009-A Trust v Kings Hwy. Realty Co., AD3d 866).
ALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
2015-11293 DECISION & ORDER ON MOTION
ssociation, etc., respondent, v
ellant, et al., defendants.
)
Motion by the respondent to strike certain portions of the appellant's reply brief on an appeal from an order of the Supreme Court, Queens County, dated March 13, 2015, on the ground that they improperly raise issues for the first time in reply, refer to matter dehors the record, and are not responsive to the issues raised in the respondent's brief. By decision and order on motion of this court dated June 16, 2017, the motion was held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
he papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
D that the motion is granted to the extent that Point I(B) on pages 3 through 5, and Point I(C) on pages 5 through 6, are stricken from the appellant's reply brief and have not been considered in the determination of the appeal, and the motion is otherwise denied.
ALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
Aprilanne Agostino